THE STATE, E. TATEM, J. M. WHITALL, J. W. EVANS, AND R. P. SMITH, PARTNERS, PROSECUTORS, v. McCHESNEY, COLLECTOR OF MILLVILLE.

Non-resident owners of real or personal estate situate in this state are not entitled to have deducted from the assessed value of their real and personal estate the amount of the debts due and owing by them to creditors residing within this state.

State, Tatem et al., pros., v. McChesney, Collector, &c.

On error to Supreme Court.    For opinion of Supreme Court, see 5 *Vroom* 63.

For plaintiffs, *T. P. Carpenter* and *A. Browning.*

For defendant, *J. T. Nixon* and *James Wilson.*

The opinion of the court was delivered by

THE CHANCELLOR.    The only question before us is, whether the prosecutors are entitled to have deducted from the assessed value of their real and personal estate, the amount of the debts due from them to persons residing in this state.

The four prosecutors compose a firm for the manufacture and sale of glassware.    The manufacturing establishment is at Millville, where the whole manufacturing is carried on. One of the partners resides there, and superintends that part of the business; one of the partners resides in New York, and conducts an agency for the sale of the wares; the other two partners reside at Philadelphia, and conduct there the residue of the business.    What this residue is, does not appear.

The prosecutors were assessed for their real and personal estate situated at Millville, to the amount of $115,177.    The firm was then indebted to residents in New Jersey, in the sum of $42,651, for work and materials in their business at Millville.    The resident partner made a true statement of the debts owing by the firm to residents of New Jersey, and of the total amount of all the real and personal estate of the firm in New Jersey, delivered it to the assessor, and requested to have the amount of debts due to residents deducted from the assessment.    The assessor refused to make the deduction, unless they would exhibit a statement which should include all their property out of the state upon which taxes were not paid.    This the prosecutor declined to do.

State, Tatem et al., pros., v. McChesney, Collector, &c.

The prosecutors contend that, although the words of the twentieth section of the act of 1866, literally taken, require that an account of all their property, both in and out of the state, should be given, yet that such was not and could not have been the intention of the legislature—that such an account could be of no use for the objects of the act, and therefore the words must be restrained to property within the state, as this would be sufficient for these objects.

Courts do sometimes construe words differently from their usual meaning, or restrain words used from the full scope and extent required by their usual meaning. But this is never done, except such change is clearly required by the object of the act as collected from its provisions. The meaning, to be thus changed and controlled, must be inconsistent with the object and provisions of the act. I know of no case where the meaning of words is thus changed or limited because the supposed object of the act might be effected and carried out by the meaning of the words as changed and limited. Had the statute of frauds required agreements concerning land to be signed and sealed, the courts could not have dispensed with the seal, because the object of the act, the prevention of frauds and perjuries, would as well be effected by signing only.

I think I can conceive of and specify a case which such return by a non-resident would be useful and proper to determine the propriety of a deduction for debts. Yet, were no such case conceivable as a rule of construction, it is clear that courts have no power to dispense with clear and positive directions of a statute because the usefulness of such directions does not appear, and because they occasion unnecessary trouble.

But the question also arises, whether the provisions of the twentieth section authorize a deduction from the amounts assessed to persons residing out of the state. The words of the section authorize a deduction from "the valuation of the estate for which an *individual* may be *assessed*." The sixth, seventh, and eighth sections direct how and where each person

or corporation may be assessed.   As to persons or individuals, they only refer to *inhabitants*—no others are directed to be *assessed*.

The seventh section directs the personal estate of non-residents to be taxed in the townships where situate.   It does not directly authorize an assessment against the owner personally.   When, therefore, the twentieth section speaks of " individuals assessed," it may well be confined to the assessments·directed to be made against individuals, and not to property authorized to be taxed.   These words would not be confinded to this limited meaning, if a more extended one was required to effect the object of the act.   But the almost insuperable difficulties which would attend the execution of those provisions, if applied to non-residents, are, of themselves, sufficient to confine this provision to those parties "assessed," as directed by the act; and this is a natural and proper meaning of the term in the connection in which it is used here.   If a non-resident owned a farm in each of five counties of the state he could present the same account of debts to residents to the assessor in each county, and have the debts deducted.   If the provision applies to him, he could claim the deduction, even if in each account he disclosed the ownership of the other four farms, although, according to the reasoning of the prosecutors, he would not be bound to disclose them to assessors who had no power to assess them.

The Supreme Court, in the case of *The State* v. *Ross*, 3 *Zab*. 517, held that, in case of residents, this deduction could only be made in the township where the tax-payer resides.   The Chief Justice says : " All the personal property of an inhabitant of the state is to be assessed in the township where he resides, and he is entitled in that township, and *not elsewhere*, to a deduction of the whole amount of debts owing by him, from the valuation of all his personal estate, and from his real estate within that township."   The eighth section of the act of 1854, under which the assessment in that case was made, authorized the deduction of debts ; and the tenth sec-

tion directed the assessor to make the deduction on the affidavit of the person whose real *or* personal estate was taxed.

The same reason that in *The State* v. *Ross* induced the court to confine the deduction to inhabitants of the township, must here confine it to them, and of course to inhabitants of the state. I am aware that Justice Van Dyke, in *The State* v. *Gray*, 5 *Dutcher* 380, intimates an opinion that a resident of Clinton might have had a deduction made from the assessment upon her real estate in Newark, but it is only an *obiter dictum* on a point to which much attention was evidently not given, and it does not appear that it was concurred in by any other judge.

These views render it unnecessary to consider the position assumed, and not disputed, that a firm carrying on its main business in this state, under the direction of a resident member, must be considered a non-resident.

The decision of the Supreme Court must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, CLEMENT, LATHROP, KENNEDY, OGDEN, OLDEN, WALES—10.

*For reversal*—None.

CITED *in State, Rutherford Park Ass'n, pros.,* v. *Township of Union,* 7 *Vr.* 311; *State, Morris Canal & Bank'g Co., pros.,* v. *Love,* 8 *Vr.* 61; *State, United R. R. & Canal Co., pros.,* v. *Com'r, etc.,* 8 *Vr.* 248; *State, Hoey, pros.;* v. *Collector,* 10 *Vr.* 77.